Narissa A. Joseph, Esq
277 Broadway, Suite 501
New York, New York 10007
(212) 233-3060
Attorney for Debtor
Amarjit Kaur Singh


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN THE MATTER OF

    AMARJIT KAUR SINGH                      Case No: 09-41446 (CEC)
                                                                                        Chapter 13
                              Debtor
-------------------------------------------------------------X


# MEMORANDUM OF LAW IN OPPOSITION TO THE CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

# TABLE OF CONTENTS

                                             **Page**

TABLE OF AUTHORITIES..................................................................ii

PRELIMINARY STATEMENT............................................................1

STATEMENT OF FACTS.................................................................2-4

QUESTION PRESENTED..................................................................5

ARGUMENTS

      POINT I: THE PROPERTY KNOWN AS 87-53 133rd STREET,
      RICHMOND HILL, NY 11418 IS NOT PROPERTY OF THE
      ESTATE OF TWO BANKRUPTCY CASES.......................................6

      POINT II: FILING OF SIMULTANEOUS CASES IS NOT
      DUE TO BAD FAITH AND NO CREDITORS ARE HARMED
      BY THE MAINTENANCE OF TWO BANKRUPTCY
      CASES...........................................................................................7-8

CONCLUSION....................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

1)  In re Jeffrey Shankman, 382 B.R. 591

(E.D.N.Y 2008)..................................................................................................................6-7

2) In re Lord, 295 B.R. 16

(E.D.N.Y. 2003)....................................................................................................................6

3) In re Marrama, 549 U.S. 365,

127 s. Ct. 1105, 166 L.Ed.2d 956 (2007))..........................................................................7

**Statutes**

1)  Bankruptcy Code

11 U.S.C. § 362...................................................................................................................6

2)  Bankruptcy Court Rule

Bankruptcy Rule 6007(a) ...................................................................................................6

3) Local Bankruptcy Court Rule

Bankruptcy Rule 6007-1.....................................................................................................6

<u>PRELIMINARY STATEMENT</u>

      This memorandum of Law is being submitted in Opposition to the Chapter 13 Trustee's Motion to Dismiss the Debtor's Case.

**STATEMENT OF FACTS**

On October 24, 2008, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Thereafter, Richard J. McCord was appointed trustee. The Debtor was represented by David S. Waltzer, Esq. <u>not</u> her current counsel Narissa A. Joseph, Esq. as was erroneously indicated to the Court by the Chapter 13 Trustee on September 15, 2009. On Schedule A, the debtor stated that she owed two parcels of real property; one Commercial property located at 930 Hempstead Turnpike, Franklin Square, NY (hereinafter "Commercial Property") and the other a residential property located at 8755 133rd Street, Richmond Hill, NY (hereinafter "Residential Property").

On December 1, 2008, Deutsche Bank National Trust Company through their attorney Shapiro & DiCaro, LLP filed a motion seeking relief from the automatic stay as to the Residential Property pursuant to 11 U.S.C. § 362 to allow them to continue its foreclosure action in state court. The Court granted Deutsche Bank National Trust Company's motion on January 5, 2009 and vacated the automatic stay as to the property located at 87-53 133rd Street, Richmond Hill, NY 11418. The trustee, Richard J. McCord filed a notice of No Objection to Deutsche's motion for relief from the automatic stay and requested that he be given notice of any surplus or proceeds.

On November 6, 2006 Excel Capital Group, Corp. ("Excel"), who held a secured interest in the Commercial Property filed a notice of appearance. No proof of claim or similar stay relief motion was filed by this party.

On December 1, 2008, the Chapter 7 trustee filed a letter advising the court, that assets were discovered in the case. Thereafter, April 13, 2009 was set as the deadline for filing proofs

of claim.

On January 27, 2009, an order was entered granting the debtor a discharge of her debts in her Chapter 7 case. In the Chapter 7 case only two proofs of claim filed -- both unsecured claims. None of the secured creditors filed proofs of claim.

On February 20, 2009, the Court entered a stipulation agree to between Excel Capital Group, Corp. ("Excel") and the Chapter 7 trustee which allowed the trustee to proceed with the sale of the Commercial Property. This stipulation also provided that Excel agreed to a "carve out pursuant to Section 506 ( c) of the Bankruptcy Code from the proceeds of the Collateral in an amount not to exceed: (a ) ten (10%) percent of the total of all timely filed and allowed unsecured proofs of claim; (b) the Trustee's commissions and expenses and compensation to the Trustee's attorneys, not to exceed $10,000.00; and ( c) compensation of 3% of the sales prices to the Trustee's real estate broker.

On February 26, 2009, the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In her Chapter 13 petition the Debtor again listed the two parcels of real property as assets in her Chapter 13 voluntary petition in Schedule A. Debtor's Chapter 13 schedule listed monthly income of $8,050.66 and expenses of $6,046.00. In addition, debtor chapter 13 counsel, Narissa A. Joseph filed a motion to re-impose the automatic stay on an emergent basis. On March 24, 2009, the Hon. Carla Craig entered an order maintained the status quo with respect to the stay until April 1, 2009 where she entered an Order unconditionally re-imposing stay relief with respect to the Residential Property. On or about March 24, 2009 or April 1, 2009 Richard J McCord, the Chapter 7 trustee who was present in the court room stated on the record his intent to abandon the residential property (the transcript of the proceedings

were ordered on Monday, September 21, 2009 and will be provided to the Court upon receipt).

On May 6, 2009, the Chapter 13 trustee, Michael Macco, Esq. filed a motion to dismiss the Debtor's Chapter 13 case. On May 6, 2009, Deutsche Bank National Trust Company through their attorney Shapiro & DiCaro, LLP filed a motion seeking relief from the automatic stay as the Residential Property pursuant to 11 U.S.C. § 362. On May 20, 2009, the Debtor and Deutshe Bank National Trust Company settled the Deutshe motion for stay relief with a Conditional Order.

On June 24, 2009, the debtor filed her proposed Chapter 13 plan. It provides for a monthly payment of $2,000.00 for a period of 60 months.

## QUESTION PRESENTED

Whether a honest but unfortunate debtor may simultaneously maintain two bankruptcy cases?

POINT I

**THE PROPERTY KNOWN AS 87-53 133rd STREET, RICHMOND HILL, NY 11418 IS NOT PROPERTY OF THE ESTATE OF TWO BANKRUPTCY CASES**

The Bankruptcy Code does not expressly prohibit a Chapter 7 debtor from simultaneously seeking relief under Chapter 13. In re Jeffrey Shankman, 382 B.R. 591, 595 (E.D.N.Y. 2008). Accordingly, bankruptcy courts in different district across the Nation have issued split opinions on the practice of maintaining a chapter 7 and chapter 13 simultaneously. The majority practice follows a *per se* rule which was adopted by this Court prohibiting a debtor from having more than one bankruptcy case open at any time. In re Lord, 295 B.R. 16 (E.D. N.Y. 2003). One rationales behind this per se rule is that "an asset cannot be property of the estate in two bankruptcy cases at the same time." Shankman at 596.

However, on or about March 24, 2009 or April 1, 2009, when the debtor's counsel appear before the Hon. Carla E. Craig, U.S.B.J., the Chapter 7 Trustee Richard J. McCord who was in the court room at the time explained to the court that he had surrendered his interest in the residential property described as 87-53 133rd Street, Richmond Hill, NY 11418. (Transcript of the March 24, 2009 and April 1, 2009 proceedings was ordered on Monday September 21, 2009 and will be supplied shortly). Local Rule 6007-1 requires that notice of a proposed abandonment or disposition of property pursuant to Bankruptcy Rule 6007(a) "describe the property to be abandoned or disposed of and state the reason for the proposed abandonment or disposition." The statement on the record by Richard McCord satisfied the requirement of notice of the abandonment of the property.

Accordingly, the asset is not property of the estate in two bankruptcy cases at the same time and the above described *per se* prohibition is not violated.

POINT II

**FILING OF SIMULTANEOUS CASES IS NOT DUE TO BAD FAITH AND NO**

## **CREDITORS ARE HARMED BY THE MAINTENANCE OF TWO BANKRUPTCY CASES.**

The Shankman Court mentioned above, discussed applying a "totality of circumstances" test to bad faith analysis in a bankruptcy case to determine whether converting a chapter 7 case to a chapter 13 case is appropriate Shankman at 596-7 (the Court in doing so reviewed the decision of the Supreme Court's In re Marrama, 549 U.S. 365, 127 s. Ct. 1105, 166 L.Ed.2d 956 (2007)). Among the factors Shankman found helpful in guiding the Court's analysis of bad faith were:

1) whether the debtor was forthcoming with the bankruptcy court and creditors at the time of the filing of a motion to convert;

2) whether the debtor can propose a confirmable chapter 13plan

3) the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion; and

4) the effect of conversion on the efficient administration of the bankruptcy case.

Id. at 597.

In the instant case, debtor is not abusing the Bankruptcy System by maintaining two bankruptcy cases. None of the 4 factors enumerated above apply to the facts of the instant case. As can be found by examining the record set forth above in the statement of facts, the instant Chapter 13 case was filed with full disclosure wherein Schedule A included both the Commercial and Residential properties. Moreover, as explained above, upon filing the Chapter 13 case the automatic stay was not in effect to protect the debtor's interest in the residential property. Debtor' counsel filed a motion on February 26, 2009 to re-impose the stay with respect to the residential property which was granted by this Court on April 1, 2009. Hence, the Debtor was forthcoming with the Court and did not frustrate the stay relief process as all parties were on

notice having an opportunity to object. Moreover, the secured creditor of the residential property, Deutsche Bank National Trust Company did not in fact oppose re-imposing the stay. Debtor is now making her mortgage payments with respect to the residential property. Since the filing of the Chapter 7 petition Debtor's financial position has improved. Accordingly, the Chapter 13 case should be confirmed as a confirmable plan is now before the court.

In the alternative, debtor does not oppose converting the underlying chapter 7 to a chapter 13 and dismissing the instant chapter 13 case. The effect of this alternative would likely lead to a more efficient administration of this bankruptcy case.

## CONCLUSION

For the reason set forth above debtor respectfully request that the Chapter 13 Trustee's motion to dimiss be denied or in the alternative debtor be allowed leave to file a subsitution of counsel and motion to convert the underlying Chapter 7 case and then dismissed this chapter 13 case.

/s/ Narissa A. Joseph
Narissa A. Joseph, Esq
Attorney for Debtor
277 Broadway, Suite 501
New York, NY 10007
212-233-3060

Dated: New York, New York
September 23, 2009

Honorable Carla E. Craig
United States Bankruptcy Court
271 Cadman Plaza East, Suite
Brooklyn, NY 11201

Michael J. Macco, Esq
Chapter 13 Trustee
135 Pinelawn Road
Suite 120 South
Melville, NY 11747

9