UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

Chapter 13

AMARJIT KAUR SINGH a/k/a
AMARJIT K. PAWAR,

Case No.: 09-41446-cec

                      Debtor.
----------------------------------------------------------x

## AFFIRMATION OF RICHARD J. MCCORD, ESQ. IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE

**RICHARD J. MCCORD, ESQ.**, an attorney duly admitted to practice law before the courts of the State of New York, and the Eastern District of New York, affirms the following to be true under the penalty of perjury:

1. I am the Chapter 7 Trustee (the "Trustee") of the Chapter 7 estate of Amarjit Kaur Singh a/k/a Amarjit K. Pawar (the "Debtor"), Case No. 08-47147-cec. I am also a partner in the firm of Certilman Balin Adler & Hyman, LLP, counsel to the Trustee herein. As such, I am fully familiar with the background of this matter and the facts stated below.

2. I hereby submit this affirmation in support of the Chapter 13 Trustee's motion to dismiss the instant Chapter 13 case and for such other, further and related relief as may be just, proper and equitable under the circumstances (the "Motion"), and respectfully represent as follows:

### JURISDICTION

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are Section 1307 of the "Bankruptcy Code" and Bankruptcy Rule 9014.

## FACTUAL BACKGROUND

### A. *History of the Debtor's Chapter 7 Case*

4.  On October 24, 2008 ("Chapter 7 Filing Date"), Amarjit Kaur Singh a/k/a Amarjit K. Pawar (the "Debtor") filed a voluntary Chapter 7 petition and Richard J. McCord was appointed as interim Trustee.

5.  At the §341(a) Meeting of Creditors held on November 24, 2008 the Trustee was qualified as permanent trustee and he examined the Debtor under oath.

6.  At the time of the Chapter 7 filing, the Debtor owned a 100% interest in commercial property located at 930 Hempstead Turnpike, Franklin Square, New York 11010 (the "Franklin Square Property") and residential real property located at 87-53 133rd Street, Richmond Hill, New York 11418 (the "Residence"). By virtue of the filing, the Franklin Square Property and the Residence vested with the Trustee as assets of the Chapter 7 estate pursuant to Section 541 of the Bankruptcy Code.

7.  Pursuant to a motion for relief from the automatic stay filed by Deutsche Bank National Trust Company ("Deutsche Bank") with respect to the Residence, the Court vacated the stay by Order dated January 1, 2009, so as to permit Deutsche Bank to continue with its foreclosure action. The Chapter 7 Trustee had filed a Statement in Response to Creditor's Motion for Relief from Automatic Stay, stating that he had no objection to the relief sought by Deutsche Bank.

8.  On January 9, 2009, the Trustee filed a Notice of Discovery of Assets, and a deadline for the filing of proofs of claims was set for April 13, 2009.

9.  On January 27, 2009, the Court issued an Order discharging the Debtor.

10. Pursuant to notice of sale dated June 23, 2009, the Trustee's auctioneer, David R.

Maltz & Co., conducted an auction sale of the Franklin Square Property on July 13, 2009[1]. The highest offer received by the Trustee to purchase the Franklin Square Property was $261,000.00, which is insufficient to pay in full all of the liens, claims and encumbrances filed against the Franklin Square Property. Accordingly, the Trustee was required to file a motion to for a determination that certain non-consensual judicial liens filed against the Franklin Square Property were void as wholly unsecured and reclassifying the claims underlying such judicial liens as general unsecured claims. By Order dated October 2, 2009 and entered on October 5, 2009, the Court granted the motion and directed the aforementioned claimants to file proofs of claim quantifying their general unsecured claims within thirty (30) days from entry of the Order.

11. Prior to conducting the First Auction Sale, the Trustee and Excel Capital Group, Corp. ("Excel"), the holder of the first mortgage on the Franklin Square Property, entered into a Stipulation and Order Granting a Carve Out Pursuant to 11 U.S.C. §506(c) for Trustee's Commissions and Compensation of the Trustee's Professionals, which was so ordered by the Court on February 20, 2009. Based on the purchase price of the Franklin Square Property, it appears that Excel's claim is not fully secured, and the Trustee has filed a motion authorizing the bifurcation of Excel's claim pursuant to 11 U.S.C. § 506(a)(1) and for certain related relief. Oral argument on that motion is scheduled for October 22, 2009.

12. A closing on the sale of the Franklin Square Property has been scheduled for October 15, 2009.

13. The Trustee did not abandon his interest in the Residence or the Franklin Square

---

[1] The Trustee's auctioneer, David R. Maltz & Co., had conducted an auction sale on June 3, 2009 (the "First Auction Sale) pursuant to a notice of sale dated May 4, 2009. The highest offer received by the Trustee for the Franklin Square Property at the First Auction Sale was $310,000.00, and the successful bidder provided a deposit of $15,000.00 ("Deposit"). The successful bidder at the First Auction Sale defaulted, and the Trustee filed a motion for authorization to retain the Deposit as Liquidated Damages and for other related relief. At a hearing held on September 17, 2009, the Court granted the motion to the extent that the Deposit is to be forfeited.

2173282-1  3

Property during the pendency of the Chapter 7 case. Pursuant to 11 U.S.C. § 554(a), after notice and a hearing, the Trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value. The Trustee has not filed such a motion. Under 11 U.S.C. § 554(b), on the request of any party in interest, after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. No party in interest has filed such a motion. Pursuant to 11 U.S.C. § 554(c), unless the court orders otherwise, any property scheduled under Bankruptcy Code § 521(1) not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered. The Debtor's Chapter 7 case is not closed and, accordingly, 11 U.S.C. § 554(d) is not triggered. Under 11 U.S.C. § 554(d), unless the court orders otherwise, property of the estate that is not abandoned pursuant to the Bankruptcy Code and that is not administered in the case remains property of the estate. As neither the Franklin Square Property nor the Residence was abandoned pursuant to the express provisions of 11 U.S.C. § 554, both of the said properties remain property of the Chapter 7 estate.

B.  *History of the Debtor's Chapter 13 Case*

14.  On February 26, 2009, while the Chapter 7 case was still pending, the Debtor filed the instant Chapter 13 case, in which she scheduled one debt—a debt of $580,000.00 due and owing to the mortgagee on the Residence; i.e., American Home Mortgage Service, as servicer for Deutsche Bank, and Option One Mortgage, the predecessor-in-interest of Deutsche Bank.[2] The Debtor listed two previous bankruptcy cases, as follows: Chapter 13 Case No. 08-

---

[2] The Debtor did not list the secured claims of Chase Manhattan Bank in the amount of $27,502.77 (ii) Citicorp, N.A. in the amount of $7,108.70; or (iii) Arrow Financial Services, LLC in the amount of $9,085.74, totaling $43,697.21, based on judgment liens which had not yet been avoided pursuant to 11 U.S.C. § 506(a)(1) and 506(d). These judgment liens were discovered by virtue of a judgment lien search requested in connection with the sale of the Franklin Square Property. Based on the Order dated October 2, 2009 which claims had not yet been avoided as liens against the Franklin Square Property and/or the Residence.

2173282-1                                                    4

71177 filed on March 13, 2008 and Chapter 7 Case No. 08-47147 filed on October 24, 2008.

15. In order to stay the sale of Debtor's Residence scheduled for February 27, 2009, based on Deutsche Bank's Judgment of Foreclosure and Sale dated January 30, 2008, Debtor, by her attorney, Narissa A. Joseph, Esq., filed an Emergency Motion to Invoke the Automatic Stay ("Motion to Invoke Stay").

16. The Chapter 7 Trustee was not given notice of the Debtor's filing of this Chapter 13 case and found out about it quite inadvertently.[3] On September 2, 2009, the Chapter 7 Trustee's counsel, Carol A. Glick, Esq., wrote to the Chapter 13 Trustee, Michael J. Macco, Esq., to advise him that the Chapter 7 case was still pending. A copy of said letter is annexed hereto as Exhibit "A."

17. Thereafter, Ms. Glick spoke to Mr. Macco, who advised her that a motion was pending to dismiss the Chapter 13 case.

C. *Chapter 7 Trustee's Position on Dismissal of Chapter 13 Case*

18. After reviewing the Debtor's opposition to the Chapter 13 Trustee's Dismissal Motion and the Chapter 13 Trustee's Reply, it is respectfully requested that the Court grant the Dismissal Motion.

19. As the Court stated in *In re Shankman*, 382 B.R. 591, 595 (Bankr. E.D.N.Y. 2008), "[a]lthough there is no statutory provision that prohibits maintaining two bankruptcy cases at the same time under separate chapters of the Bankruptcy Code, the majority of courts, including courts in this district, have held that a debtor may only have one case pending at any

---

[3] Ms. Joseph states in her Memorandum of Law dated September 23, 2009 that the Chapter 7 Trustee was in Court on March 24, 2009 or April 1, 2009, at which time he stated on the record his intent to abandon the estate's interest in the Residence. The office diary does not place the Chapter 7 Trustee in Judge Craig's courtroom on either of those dates, so the Chapter 7 Trustee cannot authenticate Ms. Joseph's statement. However, it is uncontroverted that the procedures required to be taken to abandon the Residence pursuant to Bankruptcy Code § 554 were never taken in the Chapter 7 case.

2173282-1     5

given time." The Court then found that property which was included in the Chapter 7 estate could not become property of debtor as of the filing of his Chapter 13 petition, and did not become property of Chapter 13 estate upon the filing of his Chapter 13 petition. *Id.*

20. The Court's *Shankman* opinion pertains in this case as well. The Debtor's Residence was not abandoned or administered in the Chapter 7 case, and the Chapter 7 case is still pending. Therefore, the Residence continues to be property of the Chapter estate and did not become property of the Chapter 13 estate upon the filing of the Chapter 13 petition.

21. The Debtor was granted a discharge on January 27, 2009.

22. The Debtor argues in her Memorandum of Law that she is entitled to convert the Chapter 7 case to Chapter 13. She argues that she was inadequately represented by previous counsel who filed the Chapter 7 case and that her request to convert the case to Chapter 13 is made in good faith.

23. The Debtor does not address the fact that there are still proceedings pending in the Chapter 7 case and that the Chapter 7 Trustee has incurred attorneys' fees and other professional fees in connection with this case which have conferred a benefit on the Debtor as well as the creditors of the Chapter 7 estate.

24. Pursuant to 11 U.S.C § 706(a) and Bankruptcy Rules 1017(f) and 9013, a request to convert a case from Chapter 7 to Chapter 13 must be made by motion and served upon, among others, the Chapter 7 Trustee. No such motion has been filed by the Debtor. Additionally, Supreme Court has recently ruled that the right to convert a case under § 706(a) is not absolute. See *Marrama v. Citizens Bank of Massachusetts*, --- U.S. ----, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

25. Furthermore, "[w]here the debtors have already received their discharge, it is

clear that their purpose in converting to a Chapter 13 is not to repay their debts. Rather their purpose is to evade their obligations under Chapter 7." *Shankman*, at 597. See also *In re Marcakis*, 254 B.R. 77, 82 (Bankr. E.D.N.Y. 2000) ("To permit a discharged debtor to convert his Chapter 7 case to a Chapter 13 case is ludicrous as Debtor no longer has any meaningful debts to repay pursuant to a Chapter 13 plan. His discharged creditors no longer have any right to either receive payment or object to confirmation of any plan proposed by the debtor. (conversion not warranted as debtor already received a discharge").

26. Based on the foregoing, the Chapter 7 Trustee supports the Dismissal Motion and opposes conversion of the case to Chapter 13. In the event the Court dismisses the Chapter 13 case and is inclined to grant a motion to convert the Chapter 7 case to one under Chapter 13, the Chapter 7 Trustee respectfully requested that such relief be conditioned upon all statutory commissions, professional fees and costs be awarded to the Chapter 7 Trustee and his retained professionals.

**WHEREFORE**, it is respectfully requested that the Court grant the Chapter 13 Trustee's Dismissal Motion and decline any request for conversion of the case as it has not been requested pursuant to the Bankruptcy Code and Bankruptcy Rules.

Dated: East Meadow, New York
October 5, 2009

**CERTILMAN BALIN ADLER & HYMAN, LLP**

By: /s/ Richard J. McCord
**RICHARD J. MCCORD (RJM3290)**
90 Merrick Avenue
East Meadow, New York 11554
516-296-7000